Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JOSÉ J. AGOSTO PÉREZ<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO<br><br>Recurrida | KLRA202300401 | Revisión Administrativa procedente del Departamento de Seguridad Pública, Negociado de la Policía de Puerto Rico<br><br>Caso Policía de PR.: OS-2-AL-CSJ-2-199<br><br>Sobre:<br>Ocupación de Licencia y Armas |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece José J. Agosto Pérez (señor Agosto Pérez o el recurrente) y nos solicita que revoquemos la *Resolución* emitida el 24 de mayo de 2023, por el Negociado de la Policía de Puerto Rico (NPPR o agencia recurrida), notificada el 6 de junio del corriente año. Mediante la referida *Resolución,* el NPPR concluyó que la ocupación del arma de fuego y la licencia de armas del recurrente fue legal por lo que debe sostenerse en virtud del Artículo 2.13 de la Ley de Armas de 2020, Ley Núm. 168-2019, y que el señor Agosto Pérez no presentó evidencia sustancial para derrotar los señalamientos indicados.

Por los fundamentos que exponemos a continuación, revocamos la determinación recurrida.

El 25 de abril de 2022, el Agente Víctor Torres Quiñones, Placa 3107, de la División de Arrestos Especiales del NPPR, suscribió informe y cursó comunicación sobre entrega de licencia y arma de fuego ocupada el 21 de abril de 2022, en una intervención realizada en el caso SAIC-DEE-4-183, mientras se investigaba una orden de arresto en contra de Pedro A. Ocasio. Surge del informe, que al momento de la intervención el recurrente se encontraba presente, y se le ocupó una pistola marca Glock Modelo 19x, Calibre 9 mm color negra con número de serie BHXD481 y su Licencia de Armas núm. 148781. En el referido informe el Agente Víctor Torres Quiñones solicitó que se realizara la investigación correspondiente. [1]

Toda vez que no le fue devuelta la licencia de armas ni el arma de fuego ocupada, el señor Agosto Pérez acudió al NPPR y el 26 de mayo de 2022, presentó *Solicitud de Vista Administrativa*. Allí expuso, que la Policía de Puerto Rico le ocupó su Licencia de Armas número 148781, expedida conforme a Ley de Armas, 404-2000, así como un arma de fuego registrada a su nombre, y que no existe caso criminal en su contra, ni procedimiento civil alguno, que justificara mantener la ocupación, por lo que solicitó la celebración de una vista administrativa para tramitar su devolución. El 17 de febrero de 2023, el NPPR cursó Citación Oficial para la celebración de vista administrativa. En la vista celebrada se presentó el Informe de Incidente preparado por el Agente Víctor Torres Quiñones. Sin embargo, este no estuvo presente en la vista, por lo que ni declaró ni no pudo ser contrainterrogado sobre el contenido y alcance del referido informe.

---

[1] *Véase* páginas 4-5 del Apéndice del *Escrito en Cumplimiento de Resolución*, presentado por el Gobierno de Puerto Rico en representación del NPPR.

El 24 de mayo de 2023, NPPR emitió *Resolución,* en la que sostuvo la ocupación del arma de fuego y la licencia de armas del recurrente. Concluyó la agencia recurrida que los agentes del orden público tenían motivos fundados para intervenir, para ocupar el arma y la licencia y que el señor Agosto Pérez no presentó evidencia sustancial para derrotar los señalamientos en su contra. Concluyó, además, el NPPR que la ocupación del arma de fuego del recurrente y de su licencia de armas fue legal y debe sostenerse en virtud de lo dispuesto en el Artículo 2.13 de la Ley Núm. 168-2019 (Ley de Armas 2020). Las determinaciones de hechos del NPPR solo incluyeron el contenido del informe fechado 25 de abril de 2022 sin que el Agente Víctor Torres Quiñones prestara testimonio sobre dicho contenido.

El 23 de junio de 2023, el señor Agosto Pérez presentó *Moción en Solicitud de Reconsideración.* En apretada síntesis, el recurrente sostuvo que en el caso de epígrafe no hubo señalamiento o determinación alguna de la Policía de Puerto Rico en su contra; que fue él quien solicitó la vista administrativa para la devolución del arma y la licencia, y que es el NPPR quien tiene el peso de la prueba. Argumentó, además, que sobre estos extremos, es incorrecta la conclusión del NPPR de que le correspondía al recurrente presentar evidencia sustancial ya que no ha habido señalamiento o determinación alguna de la Policía de Puerto Rico en su contra. Asimismo, el señor Agosto Pérez arguyó que la ocupación de la licencia y el arma se realizó conforme a lo dispuesto en el Artículo 2.13 de la Ley de Armas de 2020, Ley Núm. 168-2019, el cual no autoriza la revocación o la no devolución de la licencia y las armas, sino que dispone lo pertinente a ocupaciones temporeras. Razón por la cual, esbozó el recurrente que, conforme a dicha disposición, si

un tribunal no encuentra causa, procede ordenar la inmediata devolución de la licencia armas ocupadas. Finalmente, el señor Agosto Pérez expuso en la *Moción en Solicitud de Reconsideración* que en su caso no hubo radicación de ningún cargo criminal; que tampoco se le ocupó evidencia delictiva alguna en su persona ni en su propiedad; que las revocaciones tienen que fundamentarse en elementos del Art. 2.09 de la Ley de Armas, los cuales no están presentes en su caso y que en la Resolución recurrida el NPPR no aplica sus conclusiones derecho a las determinaciones de hechos probados ante la agencia recurrida.

La *Moción en Solicitud de Reconsideración* no fue considerada por el NPPR, por lo que el 7 de agosto de 2023, el señor Agosto Pérez presentó el recurso de epígrafe. En esencia, este señala que incidió la agencia recurrida al emitir una Resolución que sostiene la ocupación de la licencia de armas y el arma del recurrente, cuando no existe justificación legal para ello, privándolo así de su derecho constitucional a poseer y portar armas de fuego. Es la contención del recurrente que el proceso administrativo llevado a cabo ante el NPPR para sostener la ocupación del arma y de la licencia es inconstitucional. Sostiene, además, el señor Agosto Pérez que la *Resolución* recurrida no incluye determinaciones de hechos sobre lo acontecido en la vista, sino que se limitó a reproducir el contenido del informe de ocupación del Agente Víctor Torres, quien no estuvo en la vista, por lo que estas, así como las conclusiones de derecho, incumplen con los parámetros establecidos en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*.

El Gobierno de Puerto Rico comparece ante nos en representación del NPPR mediante *Escrito en Cumplimiento de*

*Resolución*. En apretada síntesis, sostiene que la licencia de armas del recurrente se expidió el 26 de marzo de 2018, bajo la Ley Núm. 404-2000, la cual dispone un proceso específico para la revisión de la ocupación de armas y su licencia, en el que el NPPR provee todas las garantías del debido proceso de ley reconocidas en los procesos adjudicativos de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* y su reglamentación. Razona el NPPR que el proceso se llevó de forma correcta y que estando justificada la ocupación por parte del NPPR, procedía confirmar la Resolución recurrida.

Como cuestión de umbral, destacamos que uno de los propósitos de la Ley Núm. 168-2019, Ley de Armas de Puerto Rico 2020, según su *Exposición de Motivos* fue la creación de una legislación que reconociera expresamente el derecho constitucional fundamental a poseer y portar armas protegido por la Segunda Enmienda de la Constitución Federal, según reconocido en *Discrict of Columbia v. Heller*, 554 US 570 (2008) y *McDonald v. City of Chicago,* 561 US 3025 (2010). Como bien señala el recurrente,  el Artículo 2.13 de la Ley de Armas de 2020, Ley Núm. 168-2019, al amparo de la cual se ocupó el arma y la licencia de armas del recurrente, no autoriza la revocación o la no devolución de la licencia y las armas sino que dispone lo pertinente a ocupaciones temporeras Sobre esos extremos y en lo pertinente a las conclusiones de derecho del NPPR en la Resolución recurrida, el Artículo 2.13 de la Ley 168- 2019, (Ley de Armas de 2020), 25 LPRA sec. 462*l*, ley vigente al amparo de la cual el NPPR realizó la ocupación del arma y de la licencia del recurrente, dispone expresamente lo siguiente:

Artículo 2.13.- Motivos Fundados para Facultar a los Agentes del Orden Público a Ocupar Armas sin Orden Judicial.

Cualquier agente del orden público ocupará la licencia, arma de fuego y/o municiones, que posea un ciudadano, **de forma temporera,** cuando tuviese motivos fundados para entender que la persona con licencia de armas hizo o hará uso ilegal de las armas de fuego y municiones para causar daño a otras personas; por haber proferido amenazas de cometer un delito; o en cualquier otra situación de grave riesgo o peligro que justifique esta ocupación….
…..Un agente del orden público estará facultado a ocupar el arma de fuego, licencia y municiones, de forma temporera**,** cuando se arreste al tenedor de la misma por la comisión de un delito grave o delito menos grave que implique violencia.
        El agente del orden público tendrá que consignar inmediatamente las armas de fuego y/o municiones ocupadas en un depósito de armas del Negociado de la Policía y notificar al Departamento de Justicia.  Si el tribunal no encuentra causa por los delitos por los cuales fue arrestado la persona con licencia de armas, ordenará la devolución inmediata de lo ocupado.

Conforme a dicha disposición, si un tribunal no encuentra causa, procede ordenar la inmediata devolución de la licencia y de las armas ocupadas. En el caso de epígrafe ni siquiera se le imputó delito al recurrente, por lo que este presentó Petición administrativa de devolución de armas y de su licencia de armas. Mediante la Resolución recurrida el NPPR adjudicó que no corresponde la devolución del arma y la licencia al recurrente, a base de un informe sobre la ocupación, preparado por un agente del orden público que no estuvo presente en la vista administrativa celebrada, <u>sin articular la agencia recurrida una determinación propia de hechos que esté vinculada con el derecho aplicable al caso específico.</u>

La Sección 3.14 de la Ley Núm. 38-2017, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG) establece que "[l]a orden o resolución [final] deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, <u>que fundamentan la</u>

adjudicación, según sea el caso.". […] . 3 LPRA sec. 9654. Ello tiene como objetivo, entre otros, proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción. *Mun. San Juan v. Plaza las Américas*, 169 DPR 310, 322-323 (2006); *Reyes Salcedo v. Policía de P.R.*, 143 DPR 85, 94 (1997). La revisión judicial de una determinación administrativa se circunscribe a determinar si: **(1)** el remedio concedido por la agencia fue apropiado; **(2)** las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y **(3)** las conclusiones de derecho fueron correctas. Sec. 4.5 de la LPAUG, 3 LPRA sec. 9675; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

El NPPR plantea que la devolución automática procede con la absolución de los cargos y que le correspondía al recurrente presentar evidencia sustancial para derrotar los señalamientos. Sin embargo, en el caso de epígrafe el Gobierno ni siquiera imputó delito al recurrente, por lo que hay ausencia de señalamientos en su contra que ameritaran la presentación de prueba para derrotarlos. La obligación de presentar evidencia sustancial para sostener la ocupación temporera del arma y la licencia le correspondía al NPPR, quien denegó la solicitud de devolución del arma y la licencia a base de un informe policiaco suscrito por un agente que no compareció a la vista administrativa.

Reiteramos, que la ocupación de la licencia y el arma del señor Agosto Pérez se realizó conforme a lo dispuesto en el Artículo 2.13 de la Ley de Armas de 2020, Ley Núm. 168-2019, el cual no autoriza la revocación o la no devolución de la licencia y las armas, sino que

dispone lo pertinente a ocupaciones temporeras. En atención a ello, es incorrecta la conclusión del NPPR de que le correspondía al recurrente presentar evidencia sustancial ya que no ha habido señalamiento o determinación alguna de la Policía de Puerto Rico en su contra. En su caso no hubo radicación de ningún cargo criminal y tampoco se ocupó evidencia delictiva en su persona ni en su propiedad. El NPPR invirtió el peso de la prueba, al determinar que el recurrente no presentó evidencia sustancial para derrotar los fundamentos de la ocupación de la temporera del arma y la licencia.   Finalmente, en la Resolución recurrida el NPPR no aplica su conclusión de derecho a determinaciones de hechos concretas sustentadas en prueba desfilada. Sobre estos extremos dicha Resolución recurrida incumple los parámetros que establecen las secciones 3.14 y 4.5 de la LPAUG.

Con estos antecedentes, concluimos que el récord administrativo, que constituye la base exclusiva para la acción de la agencia recurrida, está huérfano de prueba para sostener su conclusión de derecho. Siendo así, resulta obligatorio resolver que el NPPR abusó de su discreción al denegar al recurrente su solicitud para la devolución del arma de fuego y la licencia de armas ocupadas de forma temporera, al amparo del Artículo 2.13 de la Ley Núm. 168-2019 25 LPRA sec. 462*l,* sin contar con evidencia sustancial que apoyara tal determinación, en un caso claro en el hay ausencia radicación de cargo criminal alguno en contra del señor Agosto Pérez. En atención a ello, no encontramos una base racional que fundamente la determinación administrativa que nos ocupa. Incluso, de la propia Resolución se desprende que la agencia recurrida en sus determinaciones de hechos se limitó a esbozar el contenido del informe policíaco sobre la intervención, sin que el agente

del orden público que lo preparó compareciera como testigo, por lo que hay ausencia de prueba que justifique mantener la ocupación del arma y la licencia del recurrente.

Con estos antecedentes, concluimos que toda vez que al recurrente en ningún momento se le imputó delito alguno, que no existe caso criminal en su contra, ni procedimiento civil alguno, que justificara mantener la ocupación, la Resolución recurrida es arbitraria e irrazonable, no está sostenida en prueba alguna y es incorrecta en derecho; por lo tanto, no merece nuestra deferencia. La deferencia hacia una decisión de una agencia administrativa cede si no está basada en evidencia sustancial, ha errado en la aplicación de la ley, o ha mediado una actuación irrazonable o ilegal. *OCS v. CODEPOLA., * 202 DPR 842, 853 (2019); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012); *Otero v. Toyota*, 163 DPR 716, 729 (2005).

Por los fundamentos expuestos, se revoca el dictamen recurrido. Así, se ordena al NPPR la devolución inmediata del arma de fuego y la licencia de armas, ocupada al recurrente al amparo del Artículo 2.13 de la Ley Núm. 168-2019 25 LPRA sec. 462*l*, sujeto a la constatación de que la referida licencia esté vigente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones